UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **S1 20 Cr. 398 (GBD)** |
| PABLO RENATO RODRIGUEZ, | |
| *Defendant.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant(s) of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will

be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

6. Disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

7. Sensitive disclosure material shall be disclosed by counsel only as follows:

2

(a) to the defendant for review in a place and manner such that the defendant cannot make copies of the material. The defendant shall not maintain, retain, or keep any copies of any records containing sensitive disclosure material outside the offices of defense counsel. The defendant shall not make or retain shall not make or retain any notes that include any sensitive disclosure material outside the offices of defense counsel.

(b) to the following persons (hereinafter "Designated Persons"):

    (i) investigative, secretarial, clerical, paralegal, and student personnel employed full-time or part-time by the defendants' attorneys;

    (ii) independent expert witnesses, investigators, or advisors retained by the defendants' attorneys in connection with this action;

    (iii) such other persons as hereafter may be authorized by the Court upon such motion by the defendant; and

8. The defendants and defense counsel shall provide a copy of this Order to Designated Persons to whom they disclose sensitive disclosure material pursuant to paragraphs 6(b)(i), (ii), and (iii). Designated Persons shall be subject to the terms of this Order.

9. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court. Defense counsel may seek disclosure of sensitive disclosure material beyond that otherwise permitted by this Order through Order of this Court.

10. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However,

sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

## Return or Destruction of Material

11. Except for material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all material, including the seized ESI disclosure material, within twelve months of the expiration of the period for direct appeal from any disposition in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.

12. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

14. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

    AUDREY STRAUSS
    United States Attorney

by: _____
    Kiersten A. Fletcher
    Assistant United States Attorney

by: _____
    Peter Katz, Esq.
    Counsel for Pablo Renato Rodriguez

SO ORDERED:

    Dated: New York, New York
    _JUN 03 2021_

_____
HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE